NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1414

UNITED STATES OF AMERICA

v.

LAWRENCE JOHNSON
Appellant

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 01-cr-00336-05)
District Judge: Hon. Sylvia L. Rambo

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2004

BEFORE: SLOVITER, BECKER, and STAPLETON, Circuit Judges

(Opinion Filed: October 12, 2004)

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Lawrence Johnson was riding in a green Dodge Caravan driven by Mari Anthony when it was stopped on the highway because its license plate belonged to a 1991 Honda. Officer Reinhart, who stopped the vehicle, ascertained that neither occupant had a valid driver's license and that the vehicle was not registered to either of them. He further determined that Anthony had two outstanding warrants for his arrest.

Officer Reinhart requested the assistance of another officer and, upon his arrival, both approached the vehicle, arrested Anthony, and placed him in the police car. They then asked Johnson to exit the vehicle and place his hands against the vehicle so that they could "pat him down." Upon Johnson's exit from the vehicle, Officer Reinhart requested permission to search him. Permission was declined, but Officer Reinhart nevertheless conducted a pat down search. In the course of the search, he felt a hard bulge around Johnson's waist. When questioned about the bulge, Johnson only responded, "I lift weights." Johnson then pushed himself off the van, and a scuffle ensued during which a large amount of chunky white powder fell from Johnson's shirt to the ground. The powder appeared to Officer Reinhart to be cocaine. Johnson was placed under arrest. The powder turned out to be 163.1 grams of crack cocaine and 156.9 grams of cocaine hydrochloride.

Following Johnson's arrest, a black duffle bag that was between the seats of the van was searched. It contained what appeared to be cocaine. This was later confirmed by

lab tests.

This is an appeal challenging an order of the District Court denying Johnson's motion to suppress the cocaine taken from his person and the duffle bag. We will affirm his conviction.

Johnson insists that Officer Reinhart unconstitutionally extended "the scope of the routine traffic stop, detaining Appellant without reasonable suspicion and arresting him without probable cause." Appellant's Br. at 8. This argument, however, ignores the fact that Officer Reinhart, having made a lawful arrest of Anthony and having assumed responsibility for the car, had a right to search Johnson for his own protection. *Thornton v. United States*, 541 U.S. ___, (2004). Contrary to Johnson's suggestion, Reinhart's request for consent to search did not waive his right to protect himself. Further, the bulge at Johnson's waist, his pushing away from the van, and the chunky white powder that fell to the ground provide ample probable cause for his arrest.

Johnson also argues that the warrantless search of the duffle bag cannot be justified as a search incident to a lawful arrest given that the duffle bag was a closed container. We need not resolve that issue, however, since we agree with the District Court that the evidence inside the bag would have been inevitably discovered in an inventory search. The following findings of the District Court are supported by the record:

> If the vehicle had not been searched on the side of the road, it would have been brought back to the Federal Building in Harrisburg, PA, and an

3

inventory search would have been conducted in accordance with the DEA agent's manual. This would have required the opening of the black duffle bag and the inevitable discovery of the bags' illegal contents.

Under these circumstances, suppression was properly denied even if the search of the duffle bag was not incident to an arrest. *Florida v. Wells*, 495 U.S. 1, 4 (1990) (regulations requiring officers to search all closed containers "clearly permissible).

The judgment of the District Court will be affirmed.