IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :
                                   :
                                   :
        v.                         :   Case 1:01-CR-336-05
                                   :
LAWRENCE JOHNSON,                  :
        Defendant                  :


TRANSCRIPT OF PROCEEDINGS


BEFORE:   HON. SYLVIA H. RAMBO, Judge

DATE:     July 10, 2003

PLACE:    Courtroom Number Three
          Federal Building
          Harrisburg, Pennsylvania


COUNSEL PRESENT:

WILLIAM A. BEHE, Assistant United States Attorney
    For - United States of America

KIRSTIN M. SWEIGARD, Esquire
    For - Defendant


**FILED**
**HARRISBURG**

DEC 2 2 2005

MARY E. D'ANDREA, CLERK
Per_____
       DEPUTY CLERK

Vicki L. Fox, RMR
Official Reporter

Lawrence Johnson - Plea                               2

1        MR. BEHE: Good afternoon, Your Honor.

2        MR. SWEIGARD: Good afternoon.

3        MR. BEHE: Your Honor, this is the matter of
4   United States of America versus Lawrence Johnson which is at
5   Criminal Docket Number 01-336. Mr. Johnson is present
6   before you with counsel.

7        He is here today to waive indictment and enter a
8   plea of guilty to a superseding information that was filed
9   pursuant to a plea agreement that was entered into with the
10  United States. That superseding information charges in a
11  single count a violation of Title 21 of the United States
12  Code, section 841(a)(1), as well as Title 18 of the United
13  States Code, section 2 referring in that count to a specific
14  date of on April 24th, 2002, the defendant intentionally and
15  knowingly, unlawfully manufactured and possessed with the
16  intent to manufacture and deliver an unspecified amount of
17  cocaine base, also known as crack cocaine, as well as
18  cocaine hydrochloride, both being Schedule II controlled
19  substances, and that he was an accomplice in that conduct.

20       As stated, he is here today to waive indictment
21  and plead guilty to this offense.

22       THE COURT: Mr. Johnson, before I can accept your
23  change of plea, it will be necessary for me to establish for
24  the record that you understand your rights and the
25  consequences of your plea. You will be placed under oath,

Lawrence Johnson - Plea                                3

1   and I will ask certain questions of you.
2           You should be advised if you give me any false
3   answers, you can be subject to further prosecution for
4   perjury or false wearing. Do you understand that?
5           THE DEFENDANT: Yes.
6           THE COURT: Do you further understand if you went
7   to trial in this matter, you could not be forced to take the
8   witness stand and testify against yourself? However because
9   you are entering a plea of guilty, I must establish for the
10  record your involvement in these charges.
11          I will ask questions to which you must respond
12  thereby giving up your right against self-incrimination.
13          Do you understand that?
14          THE DEFENDANT: Yes.
15          (Lawrence Johnson was duly sworn.)
16  BY THE COURT:
17  Q    How old are you?
18  A    23.
19  Q    How far have you gone in school?
20  A    To the twelfth grade.
21  Q    You fully read and write English?
22  A    Yes.
23  Q    Have you taken any drugs or alcohol before coming into
24  court today?
25  A    No.

Lawrence Johnson - Plea 4

1  Q   Are you undergoing any psychological or psychiatric
2  counseling of any kind?
3  A   No.
4  Q   Now are you satisfied with the representation you have
5  received from your counsel to date?
6  A   Yes.
7       THE COURT: Now you are privately retained; is
8  that right?
9       MS. SWEIGARD: That's correct, Your Honor.
10 BY THE COURT:
11 Q   Do you understand that if at any stage of these
12 proceedings you can no longer afford to retain private
13 counsel, that the Court on proper application will consider
14 the appointment of a Public Defender to represent you
15 without cost; do you understand?
16 A   Yes.
17 Q   Now there is a superseding information that has been
18 filed. Under the law, you are entitled to request the
19 government to present these matters to a Grand Jury. A
20 Grand Jury consists of no less than 16, nor more than 23
21 persons; and at least twelve members of that Grand Jury must
22 be satisfied that the government has sufficient facts to
23 even bring these charges against you.
24      It is my understanding that you wish to waive
25 presentment to a Grand Jury and proceed to plead to a

Lawrence Johnson - Plea                                              5

1   superseding information; is that correct?
2   A   Yes.
3   Q   Do you wish to have this information read to you at
4   this time, or do you waive the reading of the information?
5   A   I waive it.
6   Q   Have you reviewed it with counsel?
7   A   Yes.
8   Q   You are also entitled to a jury trial in this matter
9   in which you through counsel would select a jury consisting
10  of twelve persons.  At a trial, the government would have
11  the responsibility of proving each and every element of the
12  crime charged against you beyond a reasonable doubt.
13          You are presumed innocent until that burden is
14  met.  At a trial, you would have the right through counsel
15  to cross-examine any witnesses the government would present.
16  You, in turn, would have the right to subpoena witnesses and
17  evidence on your own behalf; although, you are not required
18  to do so.
19          Any finding of guilt by a jury would have to be
20  unanimous.  That is all twelve jurors would have to agree.
21          If you give up your right to a jury trial, you
22  give up your right to present any defenses that you may have
23  or the right to appeal any pretrial motions.
24          Do you understand your right to a jury trial?
25  A   Yes.

Lawrence Johnson - Plea                               6

1    Q     Is it your desire to give up your right to a jury
2    trial and plead to the superseding information?
3    A     Yes.
4          THE COURT: There is a plea agreement in this
5    matter. I would ask Mr. Behe to state the essence of the
6    plea agreement for the record.
7          MR. BEHE: Yes, Your Honor. The plea agreement
8    calls for Mr. Johnson to waive indictment and plead guilty
9    to this one count superseding information, which as I
10   indicated earlier charges in a single count a violation of
11   Title 21 of the United States Code, section 841(a)(1), as
12   well as Title 18 of the United States Code, section 2. That
13   is they possessed with the intent to manufacture and
14   distribute an unspecified amount of cocaine base, also known
15   as crack cocaine and cocaine hydrochloride.
16         The defendant understands from the plea agreement
17   that he faces up to 20 years in imprisonment and a fine of
18   up to one million dollars, a $100.00 special assessment and
19   a term of supervised release to be determined by the Court.
20         The plea agreement also provides for the
21   possibility of a two level reduction for acceptance of
22   responsibility if appropriate.
23         The plea agreement had also contained language in
24   it regarding cooperation, and the United States agreeing to
25   consider that cooperation and the possibility of a motion

Lawrence Johnson - Plea                                              7

1   for a downward departure pursuant to section 5K1.1 of the
2   Guidelines.  However, the defendant returned the plea
3   agreement to the United States and removed or redacted from
4   the plea agreement all references to cooperation with the
5   United States.  So he has not agreed and has affirmatively
6   indicated he will not cooperate with the United States which
7   relieves the United States, as well, of its obligation to
8   consider any motion for downward departure.
9           The plea agreement does not contain -- but the
10  United States will agree to this -- it does not contain a
11  provision that allows him to enter a conditional plea.  If
12  you will remember in this case, there was a pretrial motion
13  to suppress based on a stop at the side of the road.
14          The defendant wishes to pursue the denial of that
15  motion.  And I agree to allow or to recommend to the Court
16  that he be allowed to enter a conditional plea to appeal
17  that motion.
18          I believe those are the salient terms of the plea
19  agreement.
20  BY THE COURT:
21  Q    I need to correct something because I told him if he
22  waives jury trial, he also waives his right to appeal any
23  pretrial motion.  So that is corrected.
24          As I understand it, you will be permitted to
25  appeal the suppression ruling; do you understand that?

Lawrence Johnson - Plea                                          8

1  A     Yes.
2  Q     Is that your understanding of the plea agreement as
3  related by Mr. Behe?
4  A     Yes.
5  Q     Have there been any promises made to you that haven't
6  been set forth in the plea agreement except for the fact
7  that you will be entitled to appeal the pretrial suppression
8  motion?  Have there been any other things that have been
9  promised to you that haven't been set forth in the plea
10 agreement?
11 A     No.
12 Q     Have there been any threats against you or any member
13 of your family to get you to enter into this plea?
14 A     No.
15 Q     Has anyone promised you what your sentence would be?
16 A     No.
17 Q     In that regard, do you understand that the maximum
18 penalty for this offense could be imprisonment for a period
19 of twenty years, a fine of one million dollars, or both, a
20 term of supervised release up to five years, costs of
21 prosecution, denial of certain federal benefits and a
22 special assessment of one hundred dollars; do you understand
23 that?
24 A     Yes.
25 Q     Now this term of supervised release is a term that is

Lawrence Johnson - Plea                                    9

1   served after any prison term.  So if you should violate any
2   of the terms of your supervised release, you could be
3   returned to prison; do you understand?
4   A    Yes.
5   Q    Do you understand that there are also sentencing
6   guidelines that this Court must follow, and that I cannot
7   depart from those guidelines except under special
8   circumstances?
9        If anyone has estimated to you what your
10  guideline would be, it is not binding on the Court because I
11  won't know what your guideline is until after your
12  presentence report has been completed.
13       So if the guideline that I determine applies to
14  you is different from what anyone else has estimated, you
15  cannot withdraw your guilty plea.
16       Do you understand?
17  A    Yes.
18  Q    As I understand it, I note that in going through the
19  plea agreement that all the paragraphs that call for
20  cooperation have been scratched out.
21       So do you understand that the government has no
22  obligation to file for a downward departure for you because
23  of your cooperation; do you understand that?
24  A    Yes.
25  Q    I show you a document entitled Plea Agreement.  Have

1    you reviewed that with your counsel?

2    A    Yes.

3    Q    Would you take a look at the tab and identify your

4    signature?  Is that your signature?

5    A    Yes.

6    Q    Do you have any questions of the Court concerning

7    anything in that document?

8    A    No.

9    Q    Okay.  Now you are charged with on April 24th, 2002 in

10   Dauphin County with intentionally and knowingly unlawfully

11   manufacturing and possessing with intent to manufacture and

12   distribute crack cocaine -- as well as powder cocaine?

13              MR. BEHE:  Yes, Your Honor, both substances.

14              THE COURT:  And that you did aid and abet in the

15   same.  I would ask Mr. Behe to state what facts he would

16   present in support of this charge.

17              MR. BEHE:  Yes, Your Honor.  The evidence would

18   show in April of last year, Swatara Township Police pulled

19   over a van in which the defendant and codefendant Mari

20   Anthony were riding.  Mr. Anthony at the time was the

21   subject of a federal drug trafficking investigation

22   involving Tyrone Smith, Junior.  DEA agents were behind the

23   van at the time it was stopped.

24              The van had been observed outside of Mari

25   Anthony's townhouse in Hershey, and Anthony and the

1  defendant were observed getting into the van with a black
2  gym bag.
3           As a result of the stop, Police learned that both
4  Mari Anthony and this defendant had outstanding warrants for
5  miscellaneous matters.  Mari Anthony was placed in a Police
6  cruiser first while the results of a metro check on the
7  validity of Johnson were pending.
8           When it was confirmed that the warrant was still
9  valid, the defendant was asked to step out of the van and
10 was patted down.
11          During the course of the pat down, the defendant
12 began to struggle with the arresting officers.  During the
13 struggle, both powder and crack cocaine that was secreted in
14 the defendant's waistband came spilling out on to the
15 roadway.
16          After Mr. Johnson was subdued, a large amount of
17 crack cocaine and cocaine hydrochloride was recovered from
18 within his waistband, as well as that which was on the side
19 of the road.
20          A search of the van resulted in the recovery of
21 additional recently cooked crack cocaine from within the gym
22 bag, as well as several thousand dollars from a freezer bag.
23          Agents then searched Mari Anthony's town home
24 pursuant to a warrant and recovered an additional quantity
25 of powder cocaine, as well as a cooking pot with crack

1   cocaine residue in it indicating that the crack seized from
2   the gym bag and on the person of this defendant had just
3   recently been made in Mari Anthony's kitchen.
4           The total amount seized from the roadway from the
5   defendant from the gym bag and from Anthony's townhouse
6   amounted to perhaps a half a kilogram each or a little less
7   for both crack cocaine and powder cocaine.
8           The COURT:  A total of a kilo?
9           MR. BEHE:  About 800 grams, roughly 400 and some
10  grams apiece.
11  BY THE COURT:
12  Q    On April 24th, 2002, did you possess at that time
13  crack cocaine, as well as cocaine powder?
14  A    Yes.
15  Q    Did you aid and abet Mari Anthony in the possession
16  and production of that material?
17  A    Yes.
18  Q    Do you have any dispute with the facts as related by
19  Mr. Behe?
20  A    The stuff that was in the house?
21  Q    First of all, at the time of the arrest, did you have
22  on your person cocaine?
23  A    Yes.
24  Q    And powder cocaine?
25  A    Yes.

Lawrence Johnson - Plea                              13

1   Q     And the material that was in the vehicle, did you
2   assist Mr. Anthony in the possession of that?
3   A     No.
4   Q     And the production?
5   A     No.
6         THE COURT:  Is there going to be a dispute on
7   amounts attributed to him?
8         MR. BEHE:  I don't believe so.  The defendant
9   recently was given a polygraph examination, and after the
10  polygraph admitted he was at Mr. Anthony's town home while
11  Mr. Anthony was cooking up the powder cocaine into crack
12  cocaine.  That is what was in the van and the substance that
13  was then found in the van and on the defendant's person.
14        I don't know that he personally assisted in the
15  cooking of it.
16        THE COURT:  He was present.  He knew what was
17  going on?
18        MR. BEHE:  And he was certainly in possession of
19  that substance that was found on his person in the van.  Of
20  course, he can contest at sentencing whatever amount.
21        THE COURT:  Whatever amount he claims is
22  attributed to him.  That still might be relevant conduct.
23  BY THE COURT:
24  Q     You don't contest the fact that in the search of the
25  van in addition to what is found on you, there was found

Lawrence Johnson - Plea                                                14

1   some additional crack cocaine as well as powder cocaine?
2   A    Yes.
3   Q    Is it your desire then to enter a plea of guilty to
4   this offense?  Do you wish to enter a plea of guilty --
5   A    Yes.
6   Q    -- to this offense?  Do you have any question about
7   the charges?
8   A    No.
9           THE COURT:  AND NOW this 10th day of July, the
10  year 2003, the Court finds that the defendant has knowingly
11  and intelligently waived presentment by indictment and has
12  agreed to proceed on the superseding information and has
13  waived the reading of the superseding information in open
14  court.
15          The Court further finds that the defendant is
16  acting voluntarily and not as a result of force or threats
17  or promises apart from the plea agreement, that he
18  understands his rights and the consequences of his plea and
19  voluntarily waives his right to trial.
20          The Court is satisfied that the plea has a basis
21  in fact and contains all of the elements of the crime
22  charged.  The Court therefore accepts the plea of guilty to
23  the superseding information and directs the entry of
24  judgment of guilty on the plea.
25          Sentence is deferred pending receipt of the Court

Lawrence Johnson - Plea                                    15

1   of a presentence report.
2           THE CLERK: Court is in recess.
3           (Whereupon, the proceedings were concluded.)
4
5           I hereby certify that the proceedings and
6   evidence are contained fully and accurately in the notes
7   taken by me on the trial of the above cause, and that this
8   copy is a correct transcript of the same.
9
10                          *Vicki Fox, RMR* (signature)
11                          Vicki L. Fox, RMR
12                          Official Reporter
13
14
15          The foregoing certification of this transcript
16  does not apply to any reproduction by any means unless under
17  the direct control and/or supervision of the certifying
18  reporter.