IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-01-336-05** |
| | : | |
| **v.** | : | |
| | : | |
| **LAWRENCE JOHNSON** | : | |

## MEMORANDUM AND ORDER

Before the court is a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence filed by the captioned defendant, Lawrence Johnson. The motion was filed on November 10, 2005. On November 15, 2005, an administrative order was issued which gave Petitioner notice of the limitations on the filing of motions under 28 U.S.C. § 2255. (*See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). Petitioner was given 30 days from the date of the administrative order to inform the court whether he desired to have the filing ruled upon as submitted or if he wished to withdraw the petition and file an all-inclusive petition. As of December 29, 2005, Petitioner has not responded to the administrative order. Thus, the court will address the motion as filed.

In his motion, Petitioner alleges that this court erred in not granting his motion to suppress, claiming that (1) the arresting authority acted without reasonable suspicion in extending the scope of a routine traffic stop, and (2) petitioner was a passenger in the stopped vehicle and was searched without a warrant. Petitioner appealed this court's ruling on these same issues to the Third Circuit Court of Appeals. On October 12, 2004, the Third Circuit filed an opinion affirming this

court's decision on the suppression issues raised by Petitioner.  (*United States v. Johnson*, No. 04-1414 (3d Cir. 2004).)

A federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction absent an intervening change in the law.  *United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981) (citing *Konigsberg v. United States*, 418 F.2s 1270, 1273 (3d Cir. 1969), *cert. denied*, 398 U.S. 904 (970).  Petitioner has cited no intervening change in the law.

**IT IS THEREFORE ORDERED THAT**:

1) The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 is dismissed as legally frivolous.

2) The Clerk of Court shall close the file.

3) This court declines to issue a certificate of appealability.

                                                          s/Sylvia H. Rambo
                                                         SYLVIA H. RAMBO
                                                         United States District Judge

Dated:  December 29, 2005.